assessing a sentence within a particular range. Since this Court cannot conclude that the district court's interpretation of its authority under the Sentencing Guidelines was correct, we must vacate the sentence imposed by the district court and remand for resentencing.

## III. CONCLUSION

This Court is unable to conclude that the district court's insertion of a deliberate ignorance instruction in the charge to the jury was reversible error. However, we find that the district court misinterpreted its authority to consider Lara–Velasquez's rehabilitative potential as a mitigating factor at sentencing. The sentence imposed by the district court is vacated, and the case is remanded for resentencing.

AFFIRMED IN PART, VACATED AND REMANDED.

## ON SUGGESTION FOR REHEARING EN BANC

(Opinion August 17, 1990, 5 Cir., 1990, 910 F.2d 187)

Before CLARK, Chief Judge, GEE, POLITZ, KING, JOHNSON, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER and BARKSDALE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the suggestion for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald VONTSTEEN, a/k/a Skip Vontsteen, Defendant–Appellant.**

No. 89–2745.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1990.

H. Michael Sokolow, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesse ESQUIVEL, Defendant–Appellant.**

No. 90–5542.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1990.

